**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1707**

N'DAH ASSOH N'GUESSAN; KONAN N. GUESSAN, a/k/a Konan N'Guessan,

Petitioners,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: February 28, 2019                    Decided: March 6, 2019

Before GREGORY, Chief Judge, and WILKINSON and FLOYD, Circuit Judges.

Petition denied in part and dismissed in part by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioners. Joseph H. Hunt, Assistant Attorney General, Shelley R. Goad, Assistant Director, Russell J.E. Verby, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Petitioners N'dah Assoh N'Guessan and her husband Konan N'Guessan ("Petitioners"), natives and citizens of the Republic of Côte D'Ivoire, petition for review of an order of the Board of Immigration Appeals denying their fourth motion to reopen their removal proceedings based on changed circumstances. We deny the petition for review in part and dismiss the petition in part.

First, we have reviewed Petitioners' arguments relevant to the denial of their fourth motion to reopen in conjunction with the certified administrative record and conclude that the Board did not abuse its discretion in denying the motion. *See Wanrong Lin v. Holder*, 771 F.3d 177, 182 (4th Cir. 2014) (setting forth standard of review for the denial of motions to reopen). Specifically, Petitioners based the underlying motion to reopen—filed almost 20 years after the Board affirmed their order of removal—on an approved I-140 Immigrant Petition for Alien Worker benefiting Mr. N'Guessan. But such an approved petition does not qualify as an exception to the temporal and numerical restrictions on motions to reopen. *See* 8 C.F.R. § 1003.2(c)(3) (2018); *Wang v. Bd. of Immigration Appeals*, 437 F.3d 270, 274 (2d Cir. 2006) ("The law is clear that a petitioner must show changed country conditions in order to exceed the 90-day filing requirement for seeking to reopen removal proceedings. A self-induced change in personal circumstances cannot suffice." (citation omitted)).

We next find that Petitioners cannot assert a due process claim predicated on the Board's handling of their motion to reopen as they sought reopening to pursue a status adjustment, which is likewise a purely discretionary form of relief. *See Dekoladenu v.*

2

*Gonzales*, 459 F.3d 500, 508 (4th Cir. 2006) ("No property or liberty interest can exist when the relief sought is discretionary."), *abrogated on other grounds by Dada v. Mukasey*, 554 U.S. 1 (2008). Finally, to the extent Petitioners seek to challenge the Board's decision declining to sua sponte reopen their proceedings, we lack jurisdiction to review that aspect of the Board's order. *See Lawrence v. Lynch*, 826 F.3d 198, 206-07 (4th Cir. 2016); *Mosere v. Mukasey*, 552 F.3d 397, 400-01 (4th Cir. 2009) (collecting cases).

We thus deny the petition for review in part for the reasons stated by the Board, *see In re N'Guessan* (B.I.A. May 24, 2018), and dismiss the petition for review in part for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED IN PART*
*AND DISMISSED IN PART*